UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Everett D. Williams

    v.                                    Civil No. 23-cv-509-LM-AJ

Warden, FCI Berlin

## REPORT AND RECOMMENDATION

Petitioner, Everett D. Williams, a convicted and sentenced non-U.S. citizen, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, seeking to apply the time credits he has earned under the First Step Act ("FSA") to his sentence and to be placed in "prerelease custody" (a halfway house or home confinement) under the FSA or the Second Chance Act.  Before the court on the claims asserted in Williams's § 2241 petition is the Warden's motion for summary judgment (Doc. No. 6).  Williams has objected.  Doc. No. 9.

## Habeas Corpus Jurisdiction

Habeas corpus review pursuant to 28 U.S.C. § 2241 is appropriate if a person is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  This court may adjudicate claims alleging that the BOP has unlawfully failed to apply a prisoner's sentence credits or that the BOP has unlawfully delayed a person's transfer to a community-based custodial setting.  See

1

Francis v. Maloney, 798 F.3d 33, 36 (1st Cir. 2015). Petitioner bears the burden of proving that his continuing detention violates his federal rights. See Espinoza v. Sabol, 558 F.3d 83, 89 (1st Cir. 2009).

## **Background**

The court derives the following undisputed facts from the record and matters susceptible of judicial notice. Williams is currently serving a 324-month term of imprisonment with a five-year term of supervision for a drug trafficking conspiracy. Jt., United States v. Williams, No. 04-20065-cr-Seitz/013 (S.D. Fla. Jun. 26, 2008) (ECF No. 475).

While he was at FCI Berlin, Williams filed this § 2241 petition seeking to apply FSA time credits and to be placed in prerelease custody. The BOP then transferred Williams to FCI Allenwood Low in Pennsylvania, where he is currently incarcerated. See Decl. of Stephanie Scannell-Vessella (Aug. 16, 2024) ¶ 3 (Doc. No. 11-1) ("Scannell-Vessella Decl."). Williams is the subject of an immigration detainer. Williams is not presently the subject of a final order of removal, and ICE does not anticipate that Williams will become the subject of a final order of removal prior to September 8, 2024. See BOP Institutional Referral for CCC Placement (Doc. No. 11-2).

Both parties agree that by late January 2024, when the Warden filed his motion for summary judgment, Williams had earned a total of 365 FSA time credits towards early transfer to supervised release and 510 credits toward prerelease custody, for a total of 875 FSA time credits. The BOP projects Williams's release date to be April 15, 2026, considering all of his good conduct time credits and 365 days of his FSA time credits. See Decl. of Robert Rouleau (Feb. 5, 2024) ¶¶ 6, 11-13 & n.3 (Doc. No. 6-2); BOP Sentence Monitoring Computation Data (Jan. 26, 2024) (Doc. No. 6-3). The BOP also projects Williams's "final statutory release date" -- based on good conduct time credits alone (not applying any of his FSA time credits) -- to be one year later, April 15, 2027. See id.

Approximately six months have passed since the Warden filed the motion for summary judgment at issue here. In an updated filing, the Warden has notified this court that the BOP currently anticipates that Williams will have earned FSA credits equal to the time remaining in his sentence on September 8, 2024. See Warden's Response (Doc. No. 11), at 1. The FCI Allenwood Warden submitted a referral package on July 15, 2024 to the appropriate BOP Residential Reentry Management Office, recommending Williams for placement in a Residential Reentry Center halfway house, starting on September 8, 2024, based on the FSA and the application of his FSA time credits at that

time. Scannell-Vessella Decl. ¶ 4 (Doc. No. 11-1); see also Doc. No. 11-2, at 2.

## Discussion

I.  Summary Judgment Standard

Summary judgment is appropriate in habeas proceedings when "'there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law.'" Bader v. Warden, No. 02-cv-508-JD, 2003 DNH 90, 2003 WL 21228520, at *3, 2003 U.S. Dist. LEXIS 8955, at *8-9 (D.N.H. May 28, 2003) (citations omitted), aff'd, 488 F.3d 483 (1st Cir. 2007); see also Gattineri v. Wynn MA, LLC, 93 F.4th 505, 509 (1st Cir. 2024) (citing Fed. R. Civ. P. 56(a)). A genuine factual dispute exists if "the evidence is such that a reasonable jury could resolve the point in the favor of the non-moving party," and a material fact is one "that has the potential of affecting the outcome of the case." Hamdallah v. CPC Carolina PR, LLC, 91 F.4th 1, 16 (1st Cir. 2024) (internal quotation marks omitted). In making that determination, the court draws all reasonable inferences in favor of the nonmoving party from the properly supported facts in the record. Lech v. von Goeler, 92 F.4th 56, 64 (1st Cir. 2024). Based on that view of the record, the court must determine whether the moving party

has shown that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).

II. FSA Time Credits

Generally speaking, the FSA permits federal prisoners to earn time credits towards early release to supervision and to extend their placement in prerelease custody if they successfully participate in certain programs aimed at reducing recidivism or otherwise engage in productive activities while in BOP custody. See 18 U.S.C. § 3632(d)(4)(A), (C); Komando v. Luna, No. 22-cv-425-SE, 2023 WL 310580, at *4, 2023 U.S. Dist. LEXIS 11477, at *7-8 (D.N.H. Jan. 13, 2023), R&R approved, 2023 WL 1782034, 2023 U.S. Dist. LEXIS 19054 (D.N.H. Feb. 6, 2023).

A prisoner who has earned time credits is not entitled to automatically apply those credits. One precondition relevant here is that prisoners who have not yet earned FSA time credits "in an amount that is equal to the remainder of the prisoner's imposed term of imprisonment" are ineligible for the application of any of their FSA time credits. 18 U.S.C. § 3624(g)(1)(A).

As of January 27, 2024, shortly before the Warden filed his summary judgment motion, Williams had earned a total of 875 FSA time credits. At that time, Williams still had 1174 days remaining in his term of imprisonment, which represents the number of days between January 27, 2024 and April 15, 2027,

5

Williams's projected release date based on good conduct time, without applying any FSA time credits. On that date, and on the dates preceding it, including when Williams filed this § 2241 petition, he was not yet eligible for the application of any FSA time credits. Put differently, the BOP had not failed to perform any duty with respect to the application of Williams's FSA time credits. See 18 U.S.C. § 3624(g)(1)(A).

Approximately six months have passed since the Warden filed his motion, and Williams has continued to earn FSA time credits at FCI Allenwood Low. The BOP currently projects that Williams will have earned FSA credits equal to the time remaining in his sentence on or about September 8, 2024, a date that is approximately three weeks from this date. See Warden's Response (Doc. No. 11), at 1. Consistent with that projection, the BOP has provided records showing that the FCI Allenwood Warden has referred Williams for placement in a Residential Reentry Center on September 8, 2024, based on the FSA. Scannell-Vessella Decl. ¶ 4 (Doc. No. 11-1); see also Doc. No. 11-2, at 2.

Williams has not asked for any relief in this § 2241 petition other than the application of FSA time credits and his placement in prerelease custody. This court cannot grant further relief upon the record before it. The record here provides two bases for granting the Warden's motion for summary judgment:

>   (1) Williams's ineligibility for the application of any FSA time credits at all times relevant to his litigation of this § 2241 petition, up to and including the date of this Report and Recommendation; and

>   (2) the information in the record showing that the BOP has already taken steps to effect Williams's transfer to a prerelease custody placement starting on September 8, 2024, the date when his FSA time credits are projected to equal the time remaining in his sentence.

Williams's placement in prerelease custody under the FSA will render all of the claims in this § 2241 petition moot. In light of these considerations, the district judge should grant the Warden's motion for summary judgment (Doc. No. 6), without prejudice, in a manner that will preserve Williams's ability to file a new petition or seek other relief where he is then incarcerated,[1] if his transfer to a prerelease custody placement

---

[1] Williams is advised that courts generally require petitioners to exhaust their administrative remedies before filing a § 2241 petition, or to demonstrate that an exception to the exhaustion requirement applies. See, e.g., Rogers v. United States, 180 F.3d 349, 358 (1st Cir. 1999); Iler-Reyes v. Warden, FCI Berlin, No. 23-CV-553-SM-AJ, 2024 WL 1773616, at *2, 2024 U.S. Dist. LEXIS 76892, at *4 (D.N.H. Apr. 3, 2024), R&R adopted, 2024 WL 1770776, 2024 U.S. Dist. LEXIS 74280 (D.N.H. Apr. 24, 2024).

under the FSA does not occur on or about September 8, 2024, and if he otherwise satisfies the prerequisites to such relief.[2]

## Conclusion

For the foregoing reasons, the district judge should grant the Warden's motion for summary judgment (Doc. No. 6) without prejudice, so that Williams may seek appropriate relief where he is currently incarcerated, if he is not transferred to a prerelease custody placement on or about September 8, 2024. Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Only those issues raised in the objection(s) to this Report and Recommendation are subject to review in the district court. See Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010). Any issues not preserved by such objection(s) are precluded on appeal. See id. Failure to file specific written objections to the Report and Recommendation within the specified time waives the right to appeal the

---

[2] The Warden argues that Williams's Second Chance Act claims are unavailing for reasons set forth in the Warden's motion for summary judgment. See Doc. No. 6, at 3-4. This court need not express any opinion addressing those Second Chance Act issues to resolve this petition as specified above.

district court's order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Andrea K. Johnstone
United States Magistrate Judge

August 22, 2024

cc:  Everett D. Williams, pro se
     Heather A. Cherniske, Esq.