UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| Everett Donovan Williams,<br><br>Petitioner,<br><br>v.<br><br>FCI Berlin, Warden,<br><br>Respondent. | Case No. 23-cv-509-LM-AJ |

WARDEN'S OBJECTION TO PETITIONER'S MOTION
TO AMEND PETITION FOR HABEAS CORPUS

Pursuant to Federal Rule of Civil Procedure 12(b)(1), the Warden of FCI Berlin moves this Court to deny Petitioner Everett Donovan Williams's motion to amend his petition for habeas corpus in this Court, ECF No. 19, for lack of subject matter jurisdiction, and to transfer the petition to the Southern District of Florida, where Petitioner is currently incarcerated.

## I. FACTUAL AND PROCEDURAL BACKGROUND[1]

On November 13, 2023, Williams, then an inmate in Federal Correctional Institution ("FCI") Berlin, filed the above-captioned petition under 28 U.S.C. § 2241. He asked the Court to require the Bureau of Prisons ("BOP") to amend its policy barring inmates with detainers from eligibility for placement in prerelease custody under the Second Chance Act ("SCA"); he argued that his immigration detainer should not disqualify him from SCA placement when he did not

[1] Williams had filed a previous petition under 28 U.S.C. § 2241 asking the Court to order the Warden to immediately apply good time credits he had earned through the participating in evidence-based recidivism reduction programs toward his supervised release, as provided by the First Step Act ("FSA"). 1:23-cv-00078-PB, ECF No. 1, at 1; *see* 18 U.S.C. § 3632(d)(4). The Court granted the Warden's motion for summary judgment because Williams had not yet earned credits in an amount equal to or greater than the remainder of his term of imprisonment, as required by statute for their application. ECF No. 5; 18 U.S.C. § 3624(g)(1)(A).

have a final order of removal. ECF No. 1, at 1-2; *see* 18 U.S.C. § 3624(c)(1) (requiring BOP, "to the extent practicable," to arrange for a prisoner to spend up to but not more than the last twelve months of their term of imprisonment "under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community," including a community correctional facility).

On February 5, 2024, the Warden filed a motion for summary judgment, arguing that Williams was not yet eligible for release, under either the SCA or the First Step Act ("FSA"), which provides that inmates who participate in evidence-based recidivism reduction programs may earn credits to apply towards supervised release or prerelease custody.[2] *See* 18 U.S.C. § 3632(d)(4).

On August 5, 2024, the Court directed the Warden to update the Court on the status of Williams' FSA credits. Endorsed Order, Aug. 5, 2024. The Warden responded on August 16, 2024, informing the Court that Williams was projected to be eligible to apply his FSA credits toward prerelease custody in on or around September 8, 2024. ECF No. 11. The Warden also provided the court with documents showing that Williams had been referred for placement in a residential reentry center ("RRC") on or around September 8, 2024.

On August 22, 2024, the Magistrate Judge issued a Report and Recommendation ("R&R") recommending that the District Court grant the Warden's motion for summary judgment, without prejudice to Williams refiling his petition should the BOP not transfer him to prerelease custody as anticipated. ECF No. 12. The District Court approved the R&R on

---

[2] Williams had also previously filed a petition under 2241 asking the Court to order the Warden to immediately apply his FSA credits. 1:23-cv-00078-PB, ECF No. 1. The Court granted the Warden's motion for summary judgment on the basis that Williams had not yet earned enough credits to equal the amount of time left to serve in his sentence, a statutory requirement for the application of good time credits. *Id.*, ECF No. 5.

September 23, 2024. ECF No. 16. On September 25, 2024, the Warden filed a notice that Williams had arrived at an RRC in Miami, Florida on September 24, 2024. ECF No. 17; *see* Declaration of Priscilla Vasquez (attached as Ex. 1), ¶ 3.

On January 30, 2025, the BOP issued a memorandum titled "Updated Guidance on Application of Federal Time Credits to Pre Release Custody for all Non-U.S. Citizens with an Active Detainer." *See* Vasquez Decl., Attachment B. This memorandum states,

> Effective immediately, pending placements in pre-release custody for application of Federal Time Credits (FTC) for all non-U.S. citizens with active detainers will be canceled. Cancelation will occur in all cases where a detainer is lodged and includes cases where a final order of deportation has not been issued. Institutions should immediately halt referral of all such cases.

On February 11, 2025, pursuant to the January 30, 2025 memorandum, Williams was removed from the RRC and returned to formal BOP custody, at Federal Detention Center ("FDC") Miami.

On March 3, 2025, Williams filed what has been docketed as a motion to amend his petition, alleging that his removal from the RRC "violated [the Government']s own policies and the order of this court by returning him to BOP custody without legal justification." ECF No. 19.

## II. <u>ARGUMENT</u>

Section 2241 provides "a mechanism for a federal inmate who is 'in custody' to challenge the execution of (rather than the imposition of) his or her sentence." *Francis v. Maloney*, 798 F.3d 33, 36 (1st Cir. 2015) (quoting 28 U.S.C. § 2241(c)(3)). But a § 2241 petition challenging the BOP's execution of an inmate's federal sentence may be brought only in the district court with personal jurisdiction over the prisoner's custodian. *See United States v. Barrett*, 178 F.3d 34, 50 n.10 (1st Cir. 1999) (citing *United States v. DiRusso*, 535 F.2d 673, 675 (1st Cir. 1976) ("The proper vehicle for attacking the execution of sentence . . . is 28 U.S.C. §

2241.")); *see also Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004) ("Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement.").

Williams asks this Court to "reconsider" his petition, ECF No. 1 at 1, but in fact, his motion raises new grounds for habeas relief. He no longer challenges BOP's policy that inmates with detainers may not be considered for release under the SCA, nor even the Warden of FCI Berlin's decision whether to apply his FSA good time credits (which himself did not raise in his initial petition here). Rather, he challenges an entirely new decision – the decision by BOP authorities in the Southern District of Florida to remove him from the halfway house, pursuant to a change in policy that did not occur until after Williams left FCI Berlin.

In essence, this new motion is no different from the motion that Williams filed in this Court on September 13, 2024, stating that authorities at FCI Allenwood Low, where he had been transferred from FCI Berlin, had told him that they would not be releasing him on September 8, 2024, after all.[3] ECF No. 14. In response to that motion, this Court held "that the self-styled addendum is in fact a new 2241 petition," on the basis that "it challenges a new decision of petitioner's current custodian, the FCI Allenwood Low Warden, to keep the petitioner incarcerated at FCI Allenwood Low past September 8, 2024, the date when the parties agree the petitioners First Step Act time credits equaled the time remaining in his federal sentence." Endorsed Order, 9/20/24.

In light of its holding that Williams's September 13, 2024 motion was a new petition, the Court ordered the motion filed as a new petition in a new case. *Williams v. Warden, FCI*

[3] FCI Allenwood Low delayed Williams' release in anticipation of an immigration hearing scheduled for September 16, 2024, in case he received a final order of removal. ECF No. 15 at 2.

*Allenwood Low*, 1:24-cv-00297-SM-AJ, ECF No. 1. It then screened the petition under LR 4.3(d)(4) and proceeded to dismiss it for lack of jurisdiction, because Williams' custodian was under the jurisdiction of the Middle District of Pennsylvania. *Id.*, ECF No. 3 (approving R&R (Jan. 29, 2025), ECF No. 2).

Here, as in his September 13, 2024 petition, Williams challenges a new decision by a new set of actors, unrelated to FCI Berlin. Thus, his motion cannot constitute a "reconsideration" of his original petition, and this Court cannot hear it, because it must be brought in the Southern District of Florida.

Lastly, under 28 U.S.C. § 1631, a jurisdictional failure may be cured by transferring the case to any court in which the action or appeal could have been brought at the time it was filed or noticed, "if it is in the interest of justice." *See* 28 U.S.C. § 1631. Accordingly, the Warden requests that the Court transfer Williams' motion to amend to the Southern District of Florida, where Williams is currently incarcerated and where he was found when taken back into BOP custody. Where Plaintiff and all witnesses are located in Florida, and are governed by a different BOP regional office, *see* BOP, *Southeast Regional Office*, https://www.bop.gov/locations/regional_offices/sero/, judicial economy would be best served by addressing the issues raised in this motion in Florida.

## III. CONCLUSION

For the above reasons, the Warden asks that this Court deny Williams' motion to amend his petition for habeas corpus, transfer the motion to the Southern District of Florida as a new habeas petition, and close the case here.

Respectfully submitted,

John J. McCormack
Acting United States Attorney

Date: March 21, 2025

/s/ Anna Dronzek
Assistant U.S. Attorney
Colorado Bar # 43912
53 Pleasant Street, 5th Floor
Concord, New Hampshire 03301
(603) 225-1552
anna.dronzek@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of March, 2025, a copy of the foregoing Objection was placed in the mail room to be served via first class certified mail, return receipt requested, upon pro se petitioner Everett Donovan Williams, #79379-004, FDC Miami, Federal Detention Center, P.O. Box 019120, Miami, FL 33101.

/s/ Anna Dronzek
Anna Dronzek
Assistant U.S. Attorney