UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| Everett Donovan Williams, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 23-cv-509-LM-AJ |
| | ) | |
| FCI Berlin, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

WARDEN'S RESPONSE TO COURT'S ORDER TO SHOW CAUSE

Pursuant to the Court's June 12, 2025 Order directing Respondent, FCI Berlin, Warden, to show cause why the Court "should not grant the habeas petition and order the Attorney General to release Williams from his present physical confinement and return him to prerelease custody." Order at 30 (ECF No. 30), Respondent respectfully objects to the Court's conclusions on the following grounds:

I. Williams must file this new habeas petition in the district of his confinement.

Respondent objects to the Court's finding that Williams may amend his petition to raise new claims regarding actions taken after resolution of his petition and based on policies that did not exist when his petition was originally filed. First, Rule 15(a)'s lenient standard to amend should not apply here, where the Court granted Respondent's motion for summary judgment and indicated no intent to keep the case open. *See* Order, Sept. 23, 2024 (ECF No. 16). Under Rule 58, in the absence of a court order to the contrary, "the clerk must, without awaiting the court's direction, promptly prepare, sign, and enter the judgment when . . . the court denies all relief." Fed. R. Civ. P. 58 (b)(1). The expectation of finality when a court "denies all relief" mitigates against liberal amendment, especially where, as here, the party whose petition was denied did not

object to the court's order and only sought to reopen the case months later, in response to new actions and policy changes not undertaken by Respondent. While Williams again claims that he is entitled to apply his FSA credits to prerelease custody, his claim relies on different facts and circumstances than those raised in his original petition, such that judicial economy or efficiency do not require that claim to be heard in this district.

Second, although Respondent did not raise failure to exhaust administrative remedies in its objection to Williams' motion to amend, the fact that he concedes that he failed to exhaust supports the contention that his pleading was a new habeas claim, not an extension of his original petition. While a habeas petition may be amended as provided in the rules of civil procedure, 28 U.S.C. § 2242, exhaustion extends only to the claims actually raised before the agency. The purpose of the exhaustion requirement is to ensure that the agency has an opportunity to review and revise its actions before litigation is commenced, which preserves both judicial resources and administrative autonomy and ensures that a court reviewing the agency's final action does so upon a developed and complete evidentiary record. *Noriega-Lopez v. Ashcroft*, 335 F.3d 874, 881 (9th Cir. 2003); *Moscato v. BOP*, 98 F.3d 757, 761-62 (3d Cir. 1996). For this reason, to properly exhaust a claim, an inmate must identify the issue with sufficient particularity to permit prison officials a reasonable opportunity to address it. *Johnson v. Testman*, 380 F.3d 691, 697 (2d Cir. 2004). As a result, an inmate may not assert a claim in litigation that is distinct from the one presented to prison officials during the administrative process. *Johnson v. Woodford*, No. 04-05995-GHK, 2010 WL 4007308, at *4 (C.D. Cal. Apr. 20, 2010); *Watson-El v. Mero*, No. 08-c-7036, 2010 WL 3732127, at *9 (N.D. Ill. Sept. 15, 2010).

Williams' acknowledgment that he has not exhausted his administrative remedies as to the claims he now raises tacitly acknowledges that he is raising a new claim, which

independently requires exhaustion. Allowing a petitioner to amend his habeas claim to encompass issues not presented to the agency would create an end-run around the exhaustion requirement.

Further, while Williams claims that exhaustion would be futile, there is nothing improper or futile about requiring him to allow the BOP's regional and general counsel's offices to consider his situation in light of the January 30, 2025 memo, before raising it with this Court. In fact, BOP has since issued a second memorandum, on April 8, 2025, clarifying the situation for inmates with immigration detainers.[1] *See* BOP, "Non-U.S. Citizen Inmates Placement in Prerelease Custody and FSA Credits," April 8, 2025 (attached as Exhibit A). Doing so shows that the BOP continues to reassess and evaluate the placement of inmates with immigration detainers. This process should continue through the administrative remedy process, allowing the BOP to apply its expertise, adjust its guidance, or have "an opportunity to correct its own mistakes" given the petitioner's situation and with the benefit of his arguments. *Woodford v. Ngo*, 548 U.S. 81, 89 (2006); *see also Ahmad v. Jacquez*, 860 F. App'x 459, 462-63 (9th Cir. 2021) (rejecting contention that failure to exhaust should be waived on the basis that BOP "would almost certainly have denied" challenge to policy stated in BOP Program Statement, where petitioner failed to raise that argument in his request for administrative remedy).

## II. Because prerelease custody is continued imprisonment, its determination falls outside the core function of habeas.

As the Supreme Court has made clear, "[h]abeas is at its core a remedy for unlawful executive detention." *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 119 (2020).

[1] The April 8, 2025 memo clarifies that inmates with immigration detainers who have not been sentenced to terms of supervised release may apply the 365 days of FSA credits normally accountable to early release to supervision to prerelease custody instead.

Accordingly, the appropriate remedy for a habeas violation is release. *See Preiser v. Rodriguez*, 411 U.S. 475, 498 (1973) (recognizing that "the heart of habeas corpus" involves challenges to the "fact or duration of [a prisoner's] physical confinement itself" and challenges that "seek[] immediate release or a speedier release from that confinement"); Wilkinson v. Dotson, 544 U.S. 74, 82, 125 S. Ct. 1242, 1248, 161 L. Ed. 2d 253 (2005) (where prisoners' claims would not "necessarily spell speedier release," they did not lie at "the core of habeas corpus").

But prerelease custody constitutes continued confinement. *See Brown v. Penders*, 101 F.4th 944, 946 (1st Cir. 2024) ("The home confinement to which [petitioner] was transferred was a form of BOP custody – that is, imprisonment under § 3621(a)."). And courts have relied on this principle to deny claims, like petitioner's, seeking application of FSA credits to prerelease custody. *See Wilborn v. Mansukhani*, 795 F.App'x 157, 164 (4th Cir. 2019) ("[inmate's] claim seeking to have the BOP reconsider where he is being housed is one that would not fall within the scope of habeas corpus."); *Rafiq v. Warden, Seagoville FCI*, 3:25-CV-0478-G-BK, 2025 WL 1240143, at *2 (N. D. Tex. April 1, 2025), *adopted*, 2025 WL 1239618 (N.D. Tex. April 29, 2025) (dismissing claim that BOP "exceeded statutory authority" by cancelling FSA credits because "prerelease placement in RRC or HC is a change in the conditions of confinement and thus not cognizable in a habeas corpus action") (citing *Merlot v. Bergami*, 970 F.3d 596, 599 (5th Cir. 2020)); *Fernandez v. Warden FCI Sandstone*, No. 25-cv-0662 (PJS/DJF), 2025 WL 1266897, at *1 (D. Minn. Mar. 28, 2025), *adopted*, 2025 WL 1263978 (D. Minn. May 1, 2025) (similar); *Sarabia v. Jacquez*, No. 3:24-cv-379-JE, 2024 WL 4291447, at *2 (D. Or. Aug. 4, 2024) (holding claim "does not lie at the core of habeas corpus" and dismissing § 2241 petition where petitioner had received the full one year statutory maximum of FSA credits but sought to use other credits toward transfer to home detention); *Henderson v. Eischen*, No. 23-CV-2250

(PJS/TNL), 2024 WL 4678496, at *1-2 (D. Minn. Nov. 5, 2024) ("The only benefit that Henderson could now obtain from being awarded additional FSA time credits would be sooner placement in prerelease custody--that is, a change in the conditions of confinement, not a change in the fact or duration of confinement. A habeas petition cannot be used to pursue such a claim.").

Finally, Petitioner's case is distinguishable from those that previously held impermissible the claim that BOP may "rely solely on an immigration detainer to deny application of credits earned under the statute." *See*, *e.g.*, *Harriot v. Jamison*, No. 24 Civ. 208 (AT) (JLC), 2025 WL 384556, at *6 (S.D.N.Y. Feb. 4, 2025); *Komando v. Luna*, Civ. No. 22-cv-425-SE, 2023 WL 310580, at *4-8 (D.N.H. Jan. 13, 2023), R&R approved, 2023 WL 1782034, at *1 (D.N.H. Feb. 6, 2023). The BOP policy addressed in those cases precluded <u>any</u> award of credits to inmates with immigration detainers, whether early release to supervision or prerelease custody, which differs from the policy here. For instance, the *Komando* court noted that refusal to allow immigration detainees to apply credits toward early transfer to supervised release was not justified by concerns about flight risk or detention by another agency; "[t]he flight risk concern or other institutional factors that might influence a custodial placement decision have no relevance, in that release from BOP custody altogether is a permissible alternative exercise of the agency's discretion under the FSA." *Id.* at *8. However, this suggests that "BOP has a reasonable basis to deny prerelease custody to those with immigration detainers but not to those who are simply entitled to release from BOP custody upon expiration of their sentences." *Martinez-Polanco v. Warden, FCI Fort Dix*, No. CV 24-7005 (RMB), 2025 WL 1511192, at *2 (D.N.J. May 27, 2025); *see Maitland v. Warden, FCI Berlin*, No. 23-CV-074-SE-AJ, 2024 WL 3541213, at *5 (D.N.H. Jan. 31, 2024) ("To the extent that the pertinent placement decision is

reviewable at all, cf. 18 U.S.C. § 3621(b) . . . the BOP's decision to keep [inmate with immigration detainer] in prison for the remaining months of his term of imprisonment is rational and consistent with BOP policy and the authorities cited here."

III. Conclusion.

For the above reasons, Respondent contends that Williams' habeas petition should be denied.

Respectfully submitted,

John J. McCormack
Acting United States Attorney

Date: June 26, 2025

/s/ Anna Dronzek
Assistant U.S. Attorney
Colorado Bar # 43912
53 Pleasant Street, 5th Floor
Concord, New Hampshire 03301
(603) 225-1552
anna.dronzek@usdoj.gov